UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CHRISTOPHER ROBIN ROEHLER,

Defendant.
_______________________________/

**INDICTMENT**

The Grand Jury charges:

**INTRODUCTORY ALLEGATIONS**

At all times relevant to this Indictment:

1. Defendant CHRISTOPHER ROBIN ROEHLER resided in Traverse City, Michigan.

2. Rolling Farms Café was a limited liability company doing business in Traverse City, Michigan. Rolling Farms Café was a seasonal restaurant selling breakfast and lunch options.

3. Defendant CHRISTOPHER ROBIN ROEHLER was the founder, owner, and manager of Rolling Farms Café.

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

**Employment Tax Withholding**

5. Pursuant to the Internal Revenue Code and associated statutes and regulations, employers are required to withhold amounts from their employees' gross pay, including Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and federal income taxes. These taxes will be referred to in this Indictment collectively as "trust fund taxes" because employers hold the withheld amounts in trust until paid over to the United States. Employers are required to remit these withheld trust fund amounts to the IRS on a quarterly basis, no later than the last day of the month following the end of the quarter.

6. In addition to the trust fund taxes that must be withheld from pay, employers are separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions are likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these components required to be remitted quarterly are commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income, Social Security, and Medicare taxes) and the matching amounts contributed by the employer.

7. Employers are required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

8. A person is responsible for collecting, accounting for, and paying over the employment taxes if he or she has the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact.

9. Defendant CHRISTOPHER ROBIN ROEHLER exercised control over Rolling Farms Café's financial affairs by, among other acts, approving payments, issuing paychecks, signing checks, and controlling bank accounts; thus, he was a responsible person for collecting trust fund taxes, accounting for the employment taxes by filing Forms 941 with the IRS, and paying over to the IRS the employment taxes for Rolling Farm Café's employees.

**COUNTS 1-10**
**(Failure to Account for and Pay Over Employment Taxes)**

Paragraphs 1 through 9 of this Indictment are re-alleged as if fully set forth herein.

Defendant CHRISTOPHER ROBIN ROEHLER was a person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of Rolling Farms Café the trust fund taxes imposed on its employees by the Internal Revenue Code.

On or about the dates listed in the table below, for each of the calendar quarters listed below, in Grand Traverse County, in the Southern Division of the Western District of Michigan, the Defendant,

**CHRISTOPHER ROBIN ROEHLER,**

willfully failed to truthfully account for and pay over the trust fund taxes due and owing to the IRS on behalf of the employees of Rolling Farms Café.

| Count | Calendar Quarter Ending | Due Date of Form 941 | Trust Fund Taxes Due and Owing |
|---|---|---|---|
| 1 | September 30, 2020 | October 31, 2020 | $7,412.98 |
| 2 | December 31, 2020 | January 31, 2021 | $5,524.65 |
| 3 | March 31, 2021 | April 30, 2021 | $4,877.02 |
| 4 | June 30, 2021 | July 31, 2021 | $5,449.04 |
| 5 | September 30, 2021 | October 31, 2021 | $5,574.04 |
| 6 | December 31, 2021 | January 31, 2022 | $5,285.91 |
| 7 | March 31, 2022 | April 30, 2022 | $3,200.34 |
| 8 | June 30, 2022 | July 31, 2022 | $3,258.62 |
| 9 | September 30, 2022 | October 31, 2022 | $3,932.31 |
| 10 | December 31, 2022 | January 31, 2023 | $3,163.74 |

26 U.S.C. § 7202

A TRUE BILL

[ /s/ Redacted ]

GRAND JURY FOREPERSON

TIMOTHY VERHEY
United States Attorney

STEPHANIE M. CAROWAN
Assistant United States Attorney